United States District Court
Southern District of Texas
**ENTERED**
November 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:11-CR-181 |
| | § | (Cause No. 2:16-CV-273) |
| RUBEN BENITO JOSLIN, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DENYING A CERTIFICATE OF APPEALABILITY**

Ruben Benito Joslin (Joslin) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 46. The United States filed a motion for summary judgment but Joslin did not file a Reply. D.E. 51. For the reasons stated herein, the Court denies Joslin's § 2255 motion and denies him a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Joslin was indicted in February 2011 as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was arrested, made his initial appearance in federal court and was appointed counsel. D.E. 5. In April 2011, Joslin pleaded guilty to the Indictment. D.E. 13.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 14. Probation determined that Joslin qualified as an Armed Career Criminal based

upon three Texas burglary convictions and a Texas conviction for aggravated assault. As a result, in August 2011 Joslin was sentenced to a fifteen year minimum statutory sentence pursuant to 18 U.S.C. § 924(e). D.E. 24.

Joslin appealed but the Fifth Circuit affirmed his conviction on October 30, 2012. *United States v. Joslin*, 487 Fed. App'x. 139 (5th Cir. Oct. 30, 2012) (per curiam) (unpublished). The circuit court held that Joslin's conviction for aggravated assault did not qualify as a predicate offense, but his burglary convictions were properly used to enhance his offense. Joslin filed his present motion on June 20, 2016.

### III.  MOVANT'S ALLEGATIONS

Joslin raises three issues: 1) enhancement under the ACCA was error on the grounds that his two prior burglary convictions are not violent felonies; and his third burglary resulted in deferred adjudication which is not a conviction; 2) *Apprendi* prohibits the Court from increasing his sentence based upon uncharged conduct, facts not found by a jury and facts not admitted by the defendant; and 3) § 922(g)(1) is unconstitutional. His claims in Ground one are based in part on *Johnson v. United States*, 135 S.Ct. 2551 (2015). Joslin further claims that his counsel performed ineffectively at sentencing for failing to argue the unconstitutionality of the statute, although it is not clear which statute he refers to, § 922(g)(1) or § 924(e).

2

## IV.   ANALYSIS

**A.      28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B.      Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the

---

[1] The statute provides that the limitations period shall run from the latest of:

(1) *the date on which the judgment of conviction becomes final;*
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable
to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Joslin's conviction became final on April 15, 2013, after denial of his petition for writ of certiorari. *Clay*, 537 U.S. at 532. He was required to file his motion to vacate no later than April 15, 2014. Joslin's motion was filed no earlier than June 21, 2016, over two years too late. *See* Rule 3(d), § 2255 Rules.

Although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy that burden, Joslin must show that 1) he has diligently pursued his rights and 2) some extraordinary circumstance stood in his way. *Id*. Joslin does not explain the lateness of his motion, other than by citing *Johnson*. As a result, only the *Johnson* claim is timely pursuant to § 2255(f)(3). The Court does not address Joslin's remaining issues because they are barred by limitations.

## C.    *Johnson* **Claim**

*Johnson* held that the residual clause of the definition of violent felony in 18 U.S.C. §924(e)(1)(ii) was unconstitutionally vague. The Act defines "violent felony" as follows:

---

28 U.S.C. § 2255(f) (emphasis added).

any crime punishable by imprisonment for a term exceeding one year ... that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

§ 924(e)(2)(B). The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added).

The Court used as predicate crimes three Texas burglaries. On appeal, the Fifth Circuit held that Joslin's deferred adjudication in the 1997 burglary counted as a conviction under federal law. *Joslin*, 487 Fed. App'x. at 144.

Joslin complains that his 1992 burglary should not count but he made that same argument on appeal and the Fifth Circuit decided the issue against him. *Id.* at 143. Issues resolved on appeal may not be reurged in collateral proceedings. It has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion); *see also United States v. Webster*, 421 F.3d 308, 310 n.7 (5th Cir. 2005) (citing to *Kalish* and noting the rule).

All of Joslin's burglaries were charged pursuant to § 30.02(a)(1) of the Texas Penal Code and qualify as generic burglaries.[2] *See United States v. Constante*, 544 F.3d

---

[2] Joslin was convicted of burglary of a habitation after he entered with intent to commit theft in Cause No. 646760 in the 232 District, Harris County, Texas in 1992. D.E. 17, pp. 1-4. He

584, 585-86 (5th Cir. 2008). Burglary is one of the enumerated crimes in § 924(e)(ii) and is not affected by the *Johnson* decision, "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Joslin's argument is without merit.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Joslin has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable

---

pleaded guilty to entering with intent to commit theft in Cause No. 97-CR-2085 in 1997 in Nueces County, Texas. *Id*, pp. 5-6. Joslin also pleaded guilty to entering a building with intent to commit theft in Jim Wells County Cause No. 97-06-9560 in August 1997. D.E. 18, pp. 22-23, D.E. 19, pp. 1-5. The language of each indictment tracks the language of § 30.02(a)(1).

jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Joslin is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.    CONCLUSION

Joslin's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 46, Cause No. 2:16-CV-273) is DENIED and he is DENIED a Certificate of Appealability.

ORDERED this 22nd day of November, 2016.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE